```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MARVIN E. MYERS,**

    **Plaintiff,**

  **v.**                                 **Civil Action 2:12-cv-255**
                                            **Judge Graham**
                                            **Magistrate Judge King**

**DeCARLO BLACKWELL,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate, brings this civil rights action under 42 U.S.C. § 1983, claiming a denial of his rights under the Eighth and Fourteenth Amendments to the United States Constitution in connection with the alleged loss of plaintiff's television and size 20 shower shoes. This matter is now before the Court on defendants' motions to dismiss, Doc. Nos. 23, 38.

The *Amended Complaint* alleges that, following his transfer from the Chillicothe Correctional Institution to the London Correctional Institution {"LoCI"], plaintiff discovered that his RCA color TV and shower shoes were not included in his property. *Amended Complaint*, Doc. No. 12, *PAGEID* #102. Defendant Blackwell, a corrections officer at LoCI, allegedly failed to properly investigate plaintiff's complaint but instead charged plaintiff with a rule infraction. *Id.* Plaintiff also alleges that, without shower shoes, he is "subjected to the possibilities of contracting staph" when he showers in communal

1

showers.  *Id.*, *PAGEID* #106.  Also named as defendants are the Director of the Ohio Department of Rehabilitation and Correction ["ODRC"], LoCI's warden and deputy warden, LoCI's institutional inspector, ODRC's chief inspector and assistant chief inspector, a Major at LoCI, LoCI's Health & Safety Director and LoCI's Health Care Administrator. The *Amended Complaint* seeks declaratory, injunctive and monetary relief.

All defendants have moved to dismiss for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly,* 550 U.S. at

556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, not itself a source of substantive rights, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

Plaintiff does not allege that any of the named defendants stole his property; rather, plaintiff appears to allege that, by their failure to properly investigate the loss of plaintiff's property and to replace that property, defendants have subjected plaintiff to a denial of his right to due process under the Fourteenth Amendment and have been deliberately indifferent to his welfare in contravention of the Eighth Amendment.

### **Procedural Due Process**

To the extent that plaintiff intends to assert a claim of denial of property without procedural due process of law, that claim cannot proceed.  Plaintiff does not allege that the loss of his property was the result of the execution of an official governmental policy.

3

However, the random, unauthorized deprivation of property is not actionable under § 1983 if the state provides an adequate, post-deprivation remedy to cure the claimed deprivation. *Garrison v. Walters*, 18 Fed.Appx. 329, *332 (6th Cir. Aug. 24, 2001) (citing *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)). *See also Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Wiliams*, 474 U.S. 327 (1986). Defendants contend that the Ohio Court of Claims offers just such a remedy. *See Lillie v. McGraw*, 132 F.3d 33 33, *2 (6th Cir. Dec. 12. 1997); *Buerger v. Ohio Dept. of Rehabilitation and Correction*, 762 F.2d 1006, *1 (6th Cir. March 18, 1985).

Plaintiff in fact pursued claims based on the loss of his shower shoes and television in the Ohio Court of Claims. *Exhibits*, attached to *Complaint*, Doc. No. 3. However, plaintiff contends that the Ohio Court of Claims does not offer an adequate remedy. In connection with plaintiff's claims involving the loss of his shower shoes, that court held that plaintiff's claim under the Ohio Administrative Code failed to state a claim upon which relief can be granted, that plaintiff's claim against the State of Ohio under § 1983 failed to state a claim because the state is not a "person" within the meaning of § 1983 and that that court lacks jurisdiction over constitutional claims under § 1983. *Id*. at *PAGEID* #55-57. In connection with plaintiff's claims involving the loss of his television, that court held, in addition, that plaintiff had failed to establish ownership of a television. *Id*. at *PAGEID* #59-61.

This Court concludes that the Ohio Court of Claims offers an adequate post-deprivation remedy sufficient to cure the claimed

4

deprivation of plaintiff's property interests.  The fact that the Ohio Court of Claims concluded that the claims actually asserted by plaintiff were not valid or had not been established by him does not render the remedy offered by that court inadequate.[1]  The Court therefore concludes that plaintiff has failed to state a claim based on a denial of procedural due process.

**Deliberate Indifference**

Plaintiff also alleges that, in failing to provide him shower shoes, defendants have been deliberately indifferent to his welfare and safety.  Plaintiff specifically argues that, because he must shower in communal showers without shower shoes, he is at risk of infection and falling.

Prison officials have a duty to provide humane conditions of confinement:  "[O]fficials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  In order to establish a claim under the Eighth Amendment, a prisoner must first allege a deprivation that is objectively serious; "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id*. at 834.  Second, the inmate must allege facts tending to show that the prison official's "state of mind [was] one of 'deliberate

---

[1] Moreover, plaintiff's pursuit of claims in the Ohio Court of Claims likely resulted in a waiver of his right to pursue his claims under § 1983 in this

5

indifference' to inmate health or safety." *Id*. (quoting *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)).

This Court concludes that, as it relates to plaintiff's lack of shower shoes, the *Amended Complaint* fails to allege a deprivation that is of such objective seriousness as to give rise to a constitutional claim. *See Chambers v. Simonet*, 1995 WL 330903, *1 (10th Cir. May 25, 2005)(jail's failure to issue shower shoes does not violate the Eighth Amendment); *Clarke v. Collins*, 1993 WL 391362, ** 1-2 (5th Cir. Sept. 20, 1993)(allegation that deprivation of shower shoes caused exposure to disease amounted to negligence, which is not actionable under § 1983); *Puranda v. Kellett*, 2011 WL 674298, *4 (E.D. Va. Dec. 22, 2011)("Shower shoes are not a basic human need"); *Brown v. Goodman*, 2010 WL 2202515, *6 (S.D. Ala. Apr. 19, 2010)(denial of shower shoes does not constitute the deprivation of a basic human need); *Hodges v. Briley,* 2005 WL 241466, *2 (N.D. Ill Feb. 1, 2005)(use of prison showers without shower shoes does not give rise to Eighth Amendment violation). *But see Gonzalez v. Mullen*, 2011 WL 3099101, *1 (9th Cir. July 26, 2011)(claim of exposure to infection because of lack of shower shoes states a claim under the Eighth Amendment). Because plaintiff has failed to allege an objectively serious deprivation, the Court concludes that the *Amended Complaint* fails to state a colorable claim of deliberate indifference under the Eighth Amendment.

It is therefore **RECOMMENDED** that defendants' motions to dismiss, Doc. Nos. 23, 38, be granted.

---

Court. *See Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987)(*en banc*).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        *s/Norah McCann King*
        Norah M<sup>c</sup>Cann King
        United States Magistrate Judge

December 13, 2012
(Date)