**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MARVIN E. MYERS,**

**Plaintiff,**

**v.**

**Civil Action 2:12-cv-255**
**Judge Graham**
**Magistrate Judge King**

**DeCARLO BLACKWELL, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

Plaintiff, a state inmate, brings this action under 42 U.S.C. § 1983, alleging the denial of his rights under the Eighth and Fourteenth Amendments to the United States Constitution in connection with the alleged loss of a television and size 20 shower shoes. On December 13, 2012, the United States Magistrate Judge issued a *Report and Recommendation*, Doc. No. 41, recommending that defendants' motions to dismiss, Doc. Nos. 23, 38, be granted. This matter is before the Court on *Plaintiff's Objections to Report and Recommendation* ("*Plaintiff's Objections*"), Doc. No. 48. Defendants have not filed a response. For the reasons that follow, *Plaintiff's Objections* are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The motions to dismiss, Doc. Nos. 23, 38, are **GRANTED**. This action is hereby **DISMISSED**.

Plaintiff alleges that, following his transfer from the Chillicothe Correctional Institution ("CCI") to the London Correctional Institution ("LoCI"), "it was discovered" that his RCA Color TV and size 20 shower shoes were not included with the rest of

his property. *Amended Complaint*, Doc. No. 12, p. 7. Plaintiff contacted defendant DeCarlo Blackwell, a corrections officer at LoCI, regarding the missing property, but he allegedly refused to properly investigate the missing property and "tried to cover the matter up" "by issuing a conduct report." *Id.* Plaintiff alleges that, without shower shoes, he is "subjected to the possibilities of contracting staph" when he showers in the communal showers. *Id.* at p. 11. Plaintiff seeks declaratory, injunctive and monetary relief. Also named as defendants are the Ohio Department of Rehabilitation and Correction ("ODRC"), ODRC Director Gary Mohr, LoCI Warden Deb Timmerman-Cooper, LoCI Major S. Taylor, LoCI Deputy Warden Jeff Noble, LoCI Health and Safety Director Mike Mickle, LoCI Health Care Administrator K. Rumer, ODRC Chief Inspector Gary R. Croft, ODRC Assistant Chief Inspector Mr. Coval, and CCI Institutional Inspector Mr. Free.

In recommending that the motions to dismiss be granted, the Magistrate Judge analyzed plaintiff's claims by reference to the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. She reasoned, first, that plaintiff had failed to state a procedural due process claim based on the alleged loss of his property because "the Ohio Court of Claims offers an adequate post-deprivation remedy sufficient to cure the claimed deprivation of plaintiff's property interests." *Id.* at p. 5. As to plaintiff's Eighth Amendment deliberate indifference claim, the Magistrate Judge concluded that plaintiff had failed "to allege a deprivation that is of such objective seriousness as to give rise to a

constitutional claim." *Id.*

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, such as a motion to dismiss for failure to state a claim, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). In considering a motion to dismiss for failure to state a claim, a court must construe the complaint in the light most favorable to the plaintiff, and must accept as true all well-pleaded facts. *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994). A motion to dismiss must be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff objects to the *Report and Recommendation* and essentially reasserts the same arguments that he made in response to defendants' motions to dismiss. *See* Doc. Nos. 34, 39. Although the *Amended Complaint* does not contain these allegations, plaintiff represents in his objections that size 20 shower shoes have been prescribed for him and that he was told by a podiatrist that he "has been exposed to infection of the feet." *Plaintiff's Objections*, p. 1. Plaintiff also represents that the LoCI commissary and ODRC authorized vendors do not sell a size 20 shower shoe. *Id.* at p. 4. According to plaintiff, that prescription demonstrates an objectively serious medical need and defendants' failure to provide shower shoes places

plaintiff "at serious risk for injury in the future." *Id.* at pp. 1-2. Plaintiff also reasserts that he owned a television that "was lost" after he was transferred to LoCI. *Id.* at p. 3.

As to plaintiff's claims of denial of property without procedural due process of law, plaintiff has not objected to the Magistrate Judge's conclusion that the Ohio Court of Claims offers an adequate post-deprivation remedy sufficient to cure any claimed deprivation of plaintiff's property, nor has plaintiff objected to the recommendation that his procedural due process claim be dismissed. The Court will therefore adopt the *Report and Recommendation*'s reasoning as it relates to plaintiff's procedural due process claim.

As to plaintiff's Eighth Amendment claims, plaintiff seems to argue that, in failing to provide shower shoes, defendants have been deliberately indifferent to his welfare, safety and serious medical needs. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. In order to prevail on this claim, plaintiff must allege a deprivation that is objectively serious; "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff must also "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).

Plaintiff alleges that, without shower shoes, he is "subjected to the possibilities of contracting staph" when he showers in the communal showers. *Amended Complaint*, p. 11. Shower shoes are not, however, a basic human need. *See Puranda v. Kellett*, No. 3:10cv336-HEH, 2011 WL 6742498, at *4, 4 n.9 (E.D. Va. Dec. 22, 2011) (collecting cases holding the same). Plaintiff has therefore failed to plead a deprivation that is of such objective seriousness as to give rise to a colorable Eighth Amendment claim. Plaintiff has also failed to allege facts that would suggest that defendants knew of and disregarded an excessive risk to plaintiff's health or safety. The *Amended Complaint* therefore fails to state a colorable Eighth Amendment deliberate indifference claim.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a careful *de novo* review of the *Report and Recommendation* and *Plaintiff's Objections*. For the foregoing reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Plaintiff's Objections*, Doc. No. 48, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 41, is **ADOPTED** and **AFFIRMED**. Defendants' motions to dismiss, Doc. Nos. 23, 38, are **GRANTED**. This action is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: January 25, 2013

James L. Graham
United States District Judge